ASSOCIATED BUSINESS TELEPHONE SYSTEMS CORPORATION, Plaintiff, Counter-claim Defendant,

v.

GREATER CAPITAL CORPORATION, Mark Cohn and Steve Cohn, Defendants, Counter-claim Plaintiffs,

v.

Dominic DALIA, Counter-claim Defendant.

Civ. A. No. 87–2697.

United States District Court, D. New Jersey.

Oct. 19, 1989.

**64**

Wolff & Samson, P.C. by Thomas R. O'Brien, Robert E. Nies, Roseland, N.J., for plaintiff, counter-claim defendant.

Mesirov, Gelman, Jaffe, Cramer & Jamieson by David L. Creskoff, Edward G. Rendell, Jerry M. Gewertz, Cherry Hill, N.J., for defendants.

COHEN, Senior District Judge:

■ This breach of contract and conversion action comes before the court on a cross-motion by plaintiff (counter-claim defendant), Associated Business Telephone Systems ("Associated") against defendants (counter-claim plaintiff), Greater Capital Corporation ("Greater Capital"), Steve Cohn and Mark Cohn ("Cohns"). Plaintiff requests this court, in the exercise of its discretion, to find good cause so as to allow plaintiff to register its judgment entered on July 26, 1989 after an adverse jury verdict. Plaintiff also requests the court to enter final judgment, in accordance with Fed.R.Civ.P. 54(b), as to its prior award of partial summary judgment ordered by this court in its December 8, 1987 Opinion and Order.[1] For the reasons that follow, plaintiff's motion will be granted in part, and denied in part.

## I. FACTUAL BACKGROUND

Once again, this court is faced with yet another motion in this never-ending litigation.[2] Upon the conclusion of a thirteen day trial, a jury returned a verdict against defendants, awarding both compensatory and punitive damages to the plaintiffs. Associated was awarded $1,370,386.85 in

---

1. On December 8, 1987, this court through an Opinion and Order granted partial summary judgment to plaintiff which directed defendants to:

   make payments of the gross telephone operating revenue and other charges under the Agreement to a federally insured bank, for further distribution therefrom pursuant to the terms of the Agreement.

   Slip op. at 9 (D.N.J. Dec. 8, 1987). Subsequently, we amended the Order to specifically direct the defendants to deposit $338,269.14 in the New Jersey National Bank. That amount was increased to $363,015.41 by United States Magistrate Rosen's Order filed July 19, 1989. This court granted a request by defendants to submit an application for reduction of the partial sum-

   mary judgment award. Because a September 14, 1989 Order issued by Magistrate Rosen extended the time for application until November 17, 1989, we will deny this portion of plaintiff's motion at this time. Consonant with this finding, we also must deny plaintiff's request for sanctions against defendants for the alleged failure of defendants to comply with the court's earlier opinion.

2. Since the institution of this action approximately three years ago, over thirty dispositive and non-dispositive motions have been filed by the parties resulting in the issuance of five written opinions by the United States Magistrate, ten by the district court and one by the Court of Appeals. *See* 861 F.2d 793 (3d Cir.1988).

compensatory damages against defendant Greater Capital. Additionally, defendants, Mark and Steve Cohn, were deemed liable for $200,000 each in punitive damages.

Subsequent to the jury verdict, defendants filed numerous post-trial motions. These included a motion notwithstanding the verdict, a motion for a new trial, a request for a remittitur and a request for a stay of execution of judgment. In addition to opposing these motions, plaintiff filed the present cross-motions, seeking to register and finalize its judgments.

## II. DISCUSSION

### A. *Registration of Judgment—Background*

One of the many goals accomplished by the recent Judicial Improvements and Access to Justice Act (Pub.L. 100–702, 1988) was the modification of the procedure for registering judgments [3] in other districts of the federal courts. As previously codified, 28 U.S.C. § 1963 provided:

> A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become *final by appeal* or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment (emphasis supplied).

*See* 28 U.S.C. § 1963 (West 1982).

Initially, the intent of § 1963 was to provide litigants with a "streamline" approach to enforcing judgments. Indeed, as one commentator has observed, the purpose underlying § 1963 "was to simplify and facilitate the enforcement of federal judgments ... to eliminate the expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter." Shanks & Standiford, *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under 28 U.S.C. 1963*, 59 Notre Dame L.Rev. 851, 857 (1984) *citing Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir.1965).

Rather than representing a mechanism which simplified and facilitated federal judgment enforcement, 28 U.S.C. § 1963 ironically developed into a procedural misfit causing execution of judgments to be hopelessly delayed. In order to understand how the intent of § 1963 became thwarted by litigants, it is necessary to view 28 U.S.C. § 1963 in conjunction with Fed.R.Civ.P. 62(d), regarding the stay of proceedings pending appeal.

Instead of granting an automatic stay of proceedings pending appeal, the Federal Rules of Civil Procedure require "an appellant [to submit] a supersedeas bond." *See* Fed.R.Civ.P. 62(d). Thus, standing alone, Fed.R.Civ.P. 62(d) forbade a stay of proceedings pending appeal absent the posting of security.

The dilemma arose when Fed.R.Civ.P. 62(d) was effectively circumvented by litigants through a disingenuous implementation of 28 U.S.C. § 1963. While Fed.R. Civ.P. 62(d) does not permit a stay of proceedings unless a supersedeas bond is posted, § 1963 enabled a judgment-debtor who possessed insufficient assets in the forum state, yet who nonetheless possessed sufficient assets in a foreign jurisdiction, to

---

**3.** Registration is a simple, yet essential procedure for litigants seeking to execute upon their judgments. First, the judgment-creditor must request a certified copy of the judgment from the clerk of the court. Because Fed.R.App.P. 4(a) permits a judgment-debtor 30 days from the date of judgment to file a notice of appeal, prior to the amendments to § 1963, the clerk normally waited thirty days from the date of entry of judgment before issuing the certified copy of judgment. The clerk when issuing the certified copy impliedly assured to the foreign court that either an appeal had not been taken or that the time for appeal had expired. The foreign court would then register the judgment on its own docket. *See, Note, Registration of Federal Judgments*, 42 Iowa L.Rev. 285, 288–89 (1957). As discussed in the court's opinion, the mechanics for registration of judgments have been altered considerably due to recent amendments to 28 U.S.C. § 1963.

Once filed, the foreign judgment becomes an enforceable judgment of the foreign court. The judgment-creditor is then free to execute in any manner permitted under the Federal Rules of Civil Procedure and the laws of the foreign state. *See,* Shanks & Standiford, *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under* 28 U.S.C.*§ 1963*, 59 Notre Dame L.Rev. 851, 857 (1984).

effectively cease registration and execution on the judgment by simply filing an appeal and invoking the safeguards of 28 U.S.C. § 1963. In so doing, litigants received a "de facto" stay of the proceedings since the forum court, in accordance with the literal language of § 1963, could not issue a registration of judgment until the appellate process was "final."

Faced with what were certainly Pyrrhic victories for judgment-creditors, courts nonetheless refused to permit registration while an appeal was pending, notwithstanding defendant's failure to post a supersedeas bond. Echoing the majority of reported decisions, the Eleventh Circuit in *Urban Industries, Inc. v. Thevis*, 670 F.2d 981 (11th Cir.1982) applied a literal reading of § 1963 when it ruled that:

> the language of § 1963 is unambiguous in requiring that a judgment be final before it may be registered in another judicial district. The statute does not say enforceable judgments, and we see no compelling reason to stretch the plain meaning of the statute by including judgments that may be collectible because no stay was sought or supersedeas bond posted.

*Id.* at 985. *See also* Shanks & Standiford *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under 28 U.S.C. 1963*, 59 Notre Dame L.Rev. 851 (1984).

Since a majority of jurists applied a literal reading of § 1963, most judgment-creditors essentially became victims of the inconsistency between 28 U.S.C. § 1963 and Fed.R.Civ.P. 62(d). As stated in the Commentary to the 1988 amendment,

> the difficulty with the pre-amendment § 1963 is that the literal application of its language about the appellate process being complete at home before registration is permitted abroad meant that during the appeal's pendency there could be no registration elsewhere, and hence no acquisition of a lien elsewhere. This meant in turn that the judgment debtor was

free to take advantage of the delay entailed by the appeal and remove his property from the other district, frustrating potential enforcement there even if his appeal did not succeed.

*See* Siegel, *Commentary on 1988 Revision*, 28 U.S.C. § 1963 (West Supp.1989). It was against this background of the inequitable application of 28 U.S.C. § 1963 that Congress enacted the 1988 amendment.[4]

### B. *28 U.S.C. § 1963 As Amended*

As amended, 28 U.S.C. § 1963 provides:
> A judgment in an action for recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any judicial district ... when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court for good cause* (emphasis supplied)

According to the commentary to 28 U.S.C. § 1963, good cause is described as:
> a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment-creditor) who has, after all, already prevailed at trial level on the merits of his claim. *The court should have leeway under this new provision to permit the regulation on a lesser showing—a mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment* (emphasis added).

█ · Defendants allege that their current motions pending before this court are meritorious, and therefore, the premature registration of judgment may evolve in an expensive consequence should they achieve success on appeal. While not commenting on the merits of defendants' motions, this court concludes that the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient "good cause" to or-

---

**4.** The intent of Congress when amending the statute mirrors the concerns expressed in the Commentary. As stated in the House Report to 100–702, "the Judicial conference concluded that a judgment debtor should not be permitted to hide assets in a foreign jurisdiction." *See* U.S.Code Cong. & Admin. News, P.L. 100–702, p. 6028.

der the registration entered notwithstanding the alleged inconvenience and cost to defendant.

Further, contrary to what defendants seem to infer, the granting of plaintiff's motion will not translate into an immediate execution of their assets. Rather, as we assume defendants are aware, they can stay the proceedings simply by posting a supersedeas bond pursuant to Fed.R.Civ.P. 62(d). If, as they maintain, their claims are meritorious and their appeals are successful, the judgment previously entered and registered "can simply be removed in the foreign district by motion if by no simpler means." *See* Fed.R.Civ.P. 60(b)(5) and Siegel, *Commentary to 1988 Revision,* 28 U.S.C. § 1963 (West Supp.1989).

Defendants maintain that "even where a supersedeas bond has not been posted, it is inappropriate to record a judgment in other jurisdictions until there has been a final disposition of the matter." Defendants Brief at 10, *citing In re Professional Air Traffic Controllers of Oregon,* 699 F.2d 539 (D.C.Cir.1983); *Urban Industries, Inc. of Kentucky v. Thevis,* 670 F.2d 981 (11th Cir.1982). Reliance on these cases is misplaced.

Both *Urban Industries* and *Professional Air Traffic Controllers* were decided prior to the recent amendments. Thus, those courts could not consider the option of "good cause." Further, as we discuss, *infra,* this court is not mandating that a supersedeas bond be posted. Rather, that is a decision that the defendants will have to make should they wish to stay the proceedings. While § 1963 as formerly codified, restricted the court from permitting registration pending appeal despite the judgment-debtor's failure to post a bond, the new statute provides a much different situation. Now, § 1963 and Fed.R.Civ.P. 62(d) operate in unity, rather than inconsistently. As such, defendants' contention, while possibly viable in the absence of good cause, is wholly irrelevant here.

Defendants also contend that registration of the present judgment should not be effectuated since Associated can enforce their judgment in other jurisdictions through an independent action. Defendants' Supplemental Response at 1–2. Unquestionably, a judgment-creditor possesses the right to proceed with an independent action to enforce a judgment. *See Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1498 (D.C.Cir.1983); *Meridian Investing & Development Corp. v. Suncoast Highland Corp.,* 628 F.2d 370, 373 n. 5 (5th Cir.1980); *Fidelity Bank, Nat. Ass'n v. Spectrum Leasing Corp.,* 640 F.Supp. 127, 129–30 (D.Del.1986); 7B J. Moore, *Moore's Federal Practice* pp 1963 (2d ed.1982). Our opinion today does not question the validity of the independent action as an alternative to the enforcement of unsecured judgments. Nonetheless, we question its applicability and relevance when a court has relied on "good cause" to permit registration in foreign jurisdictions.

In order to arrive at such a determination, it is necessary to examine the role that the independent action played in the prior resolution of § 1963 registration requests. Prior to the 1988 amendment, the independent action represented what to many creditors was their only opportunity to enforce a judgment entangled in the procedural quagmire of § 1963 and Fed.R. Civ.P. 62(d). As mentioned above, most courts which denied requests to register did so because the "final by appeal" requirement was not satisfied.

Their reasoning, in addition to applying a literal reading of § 1963, relied on the alternative of an independent action. Noting that an independent action could be commenced by a judgment-creditor in the face of a pending appeal, the District of Columbia Circuit Court held:

> registration does not displace the traditional route to enforcement of a judgment outside the territorial limits of the court in which the judgment was rendered.

*In re Professional Air Traffic Controllers Organization* ("PATCO"), 699 F.2d 539, 544 (D.C.Cir.1983). As expressed by Professor Moore:

> Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action

on his judgment. *And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal.*

7B J. Moore, *Moore's Federal Practice,* § 1963 (2d ed. 1985) (emphasis added).

Thus, we believe that at least in relation to registration pursuant to § 1963, the independent action was a judicially recognized procedure which litigants could employ when enforcement of their judgments reached a procedural stalemate due to the "final by appeal" requirement. However, the reliance on this action in § 1963 registration motions is critically questioned due to the explicit language of § 1963 as amended. Because courts are no longer bound by the "final by appeal" requirement, the role of the independent action is diminished when the forum court has found good cause. Indeed once good cause exists, registration can commence immediately, and satisfaction of judgment can begin via the most expeditious process—28 U.S.C. § 1963.

In the instant matter, we conclude that "good cause" exists to allow plaintiff to register its judgment in Illinois and elsewhere. As explicitly addressed in the Commentary to the 1988 amendment, good cause can be shown "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment." Siegel, *Commentary to 1988 Revision,* 28 U.S.C. 1963 (West Supp.1989).

According to "defendants' sworn testimony at trial as well as during pre-trial litigation, defendants have no assets or any interests in any assets located in New Jersey." Uncontroverted Affidavit of plaintiff's attorney, Robert E. Nies, Esquire at 5. Additionally, it appears that other evidence established at trial, revealed that defendants have assets or interests in assets throughout the country in states including California, Arizona, Tennessee, and Illinois. *Id.* As stated in the Commentary to § 1963, the plaintiff need not show exact evidence of removal (of assets) from another district. Rather, the court has "leeway" and can grant the registration upon a "less-

er showing." Satisfied that good cause exists, plaintiff's motion will be GRANTED. An appropriate Order follows.

## ORDER

This matter having come before the Court on motion by plaintiff to register a judgment in a foreign district; and

For the reasons set forth in the Court's opinion filed this day; and

For good cause shown;

It is on this 19th day of October, 1989 ORDERED that said motion be and the same is hereby GRANTED; and ORDERED that plaintiff's request for an entry of final judgment pursuant to Fed.R. Civ.P. 54(b) as to its partial summary judgment award is hereby DENIED.