**Elaine JOHNS et al., Plaintiffs,**

v.

**A. Bruce ROZET, et al., Defendants.**

**Civ. A. No. 91–130 (CRR).**

United States District Court,
District of Columbia.

Aug. 26, 1992.

Barbara K. Dougherty and Stark Ritchie of Akin, Gump, Hauer & Feld, Washington, D.C., for plaintiffs.

Judith Bartnoff, Anne J. Chiaviello, and Steven M. Schneebaum of Patton, Boggs &

Blow, Washington, D.C., and William Lawler, Asst. U.S. Atty., for District of Columbia.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the plaintiffs' Expedited Motion for Leave to Register Judgment in the above-captioned case. Although the time to respond has lapsed under the Local Rules, the defendants have filed no opposition to the plaintiffs' motion.[1] The Court has carefully considered the plaintiffs' unopposed motion, the applicable law, and the entire record herein, and concludes that the motion must be granted.

At the conclusion of trial, on March 20, 1992, the jury returned a verdict in favor of the plaintiffs in this case. In accordance with the verdict, on April 9, 1992, the Court entered judgment for plaintiffs in the agreed-upon amount of $752,237.57. Defendants filed a Notice of Appeal on May 8, 1992. The defendants requested a stay pending appeal, and requested that this Court waive any requirement that they post a supersedeas bond pursuant to Fed. R.Civ.P. 62(d). On June 26, 1992, the Court granted defendants' motion for a stay, but required that the defendants post the supersedeas bond in accordance with the usual procedure under Fed.R.Civ.P. 62(d). *See* Order filed June 26, 1992. The bond was to be filed by July 20, 1992, but the Court subsequently granted defendants' unopposed motion to extend the deadline for posting the bond until August 3, 1992. *See* Order filed July 20, 1992.

Plaintiffs advise the Court that although the deadline has passed, the defendants have failed to post the supersedeas bond ordered by the Court. Plaintiffs contend that the failure of defendants to post the bond entitles plaintiffs to begin enforcing their judgment. They assert that defendants' assets are located "in substantial part" in the Central District of California

rather than in the District of Columbia. Pl.Mot. at 2. Plaintiffs therefore request that the judgment be registered in the Central District of California pursuant to 28 U.S.C. § 1963 so that it may be enforced there.

The statute provides in relevant part: A judgment in an action for the recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.

The Court notes preliminarily that it has jurisdiction to consider this matter although an appeal is pending. *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 371–72 (7th Cir.1991) (district court has jurisdiction to make findings under 28 U.S.C. § 1963 to authorize execution of judgment in another district while appeal is pending).

Because an appeal is pending, § 1963 provides that the Court may only grant plaintiffs' motion "for good cause shown". Plaintiffs argue that good cause exists to register the judgment in the Central District of California. They contend that recovery of their judgment is at risk in light of the defendants' failure to post the supersedeas bond ordered by the Court. Moreover, they note that the financial statements that defendants offered in support of their motion requesting waiver of the supersedeas bond requirement do not reflect the existence of assets in the District of Columbia, but do indicate that defendants hold substantial assets in California. *See* Def.Mot. to Stay Enforcement of Judgment, Ex. A.

The Court concludes that under the case law construing "good cause" for purposes of § 1963, these circumstances as outlined in the previous paragraph entitle plaintiffs

---

1. Given defendants' failure to respond, the Court could, under Local Rule 108(b), treat the plaintiffs' motion as conceded. The Court has nevertheless considered this matter on the merits and concluded, as demonstrated above, that

the plaintiffs are clearly entitled to the relief sought. It is worth noting, however, that the defendants' procedural default constitutes an additional reason to grant the plaintiffs' motion.

to register their judgment in the Central District of California. *See, e.g., Chicago Downs Ass'n,* 944 F.2d at 372 (finding of good cause upheld where defendant owned no property in district of judgment, plaintiff feared defendant would conceal property, and defendant declined to post supersedeas bond); *Fasolino Foods Co. v. Banca Nazionale del Lavoro,* 1991 WL 107440, 1991 U.S.Dist. LEXIS 7833 (S.D.N.Y.1991) (good cause exists where judgment debtor lacks assets in rendering district but holds assets in another district); *Associated Business Tel. Systems Corp. v. Greater Capital Corp.,* 128 F.R.D. 63, 68 (D.N.J. 1989) (same).

Accordingly, it is, by the Court, this 26 day of August, 1992,

ORDERED that the plaintiffs' Expedited Motion for Leave to Register Judgment shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1963, and for good cause shown, plaintiffs may register in the United States District Court for the Central District of California the judgment they obtained in this Court against the defendants.