**EDUCATIONAL EMPLOYEES CREDIT UNION, Plaintiff,**

v.

**MUTUAL GUARANTY CORPORATION, Defendant.**

No. 4:92CV1016SNL.

United States District Court, E.D. Missouri, E.D.

March 29, 1994.

Henry F. Luepke, III, Associate, Peter T. Sadowski, Partner, Stolar Partnership, St. Louis, MO, for plaintiff.

John F. Arnold, Chairman, Terrance J. Good, Vice–President, Carolyn M. Kopsky, Lashly and Baer, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on the plaintiff's expedited motion for leave to register judgment in a foreign jurisdiction (# 48), filed January 10, 1994.  Responsive pleadings have been filed.

Plaintiff seeks leave from the Court to register the May 20, 1993 judgment (in its favor) in Tennessee in order to execute upon same.  Plaintiff contends that 28 U.S.C. § 1963 permits this Court to enter an order, for good cause shown, allowing the plaintiff to register its judgment in Tennessee, even though post-judgment motions are pending. Defendant argues that the motion is both premature and unnecessary.  It contends that the district court cannot enter an order as requested by the plaintiff, even for good cause shown, until such time the Court rules upon its pending motion for reconsideration and motion to alter or amend judgment, and an appeal is taken.  Defendant further contends that plaintiff cannot show "good cause" because defendant's anticipated dissolution and distribution of assets will not take place for a long time;  that notice must first be given to all known claimants (of the assets); and that payment of expenses and discharge of its liabilities will take precedence over any distribution to signers of the Ownership Settlement Agreement.[1]

There are three important facts to note with regard to this motion.  Firstly, defendant has not posted any bond with regard to the approximately two million dollars judgment rendered against it by this Court on May 20, 1993, 821 F.Supp. 1294.  Secondly, in a companion order, this Court has stricken the defendant's motion for reconsideration and denied the motion to alter or amend the judgment;  consequently, there are no longer any post-judgment motions pending which affect the finality of the judgment.

Finally, Rule 62(b) gives a district court discretion "and on such conditions for the security of the adverse party as are proper" to stay execution of or any proceedings to enforce a judgment pending the disposition of a Rule 59 motion to alter or amend the judgment or a Rule 60 motion for relief from a judgment.  Defendant has never requested such a stay of execution on the judgment; nor has this Court ever entered such an order.

However, the decision as to whether or not to permit the plaintiff to register its judgment in a foreign jurisdiction (i.e. Tennessee) rests upon the Court's application of 28 U.S.C. § 1963 to the current situation.

Section 1963 states in pertinent part:

A judgment in an action for the recovery of money or property entered in any district court . . . may be registered by filing a certified copy of such judgment in any

---

1. In its responsive pleadings regarding the motions for reconsideration and to alter or amend, defendant informs the Court that Tennessee is now seriously considering legislation similar to § 370.362 R.S.Mo. (all credit unions must be insured by a federal insurer).  In anticipation of this legislation, defendant has entered into a Ownership Settlement Agreement with its current members outlining the eventual dissolution of defendant and the resultant distribution of plan assets.

other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court for good cause shown.

Plaintiff EECU contends that this Court can apply § 1963, despite the fact that no appeal is currently pending, as long as "good cause" is shown. Plaintiff further contends that "good cause" only requires it to merely show that defendant lacks assets in Missouri, while having substantial assets in Tennessee. In support of its argument, plaintiff cites the case of *Associated Business Tel. System v. Greater Capital Corp.*, 128 F.R.D. 63 (D.N.J. 1989).

On the other hand, the defendant contends that the district court can only make a "good cause" finding while an appeal is pending. Since no appeal is pending, this Court would be acting prematurely in granting the plaintiff's request, whether or not good cause exists.

After careful consideration of the matter, the Court finds the plaintiff's request to be premature. Caselaw is extremely scant on the issue of the 1988 "Good Cause Shown" amendment to 28 U.S.C. § 1963. What can be located indicates that the majority of courts that have addressed the statute, since its 1988 amendment, have done so in the context of a pending appeal. *Chicago Downs Association, Inc. v. Chase*, 944 F.2d 366, 371 (7th Cir.1991) citing *Trustees of Chicago Truck Drivers v. Central Transport, Inc.*, 935 F.2d 114 (7th Cir.1991) and *Pacific Reinsurance Management Corp. v. Fabe*, 929 F.2d 1215 (7th Cir.1991); *Johns v. Rozet*, 143 F.R.D. 11, 12 (D.D.C.1992). Plaintiff's cited case of *Associated Business Tel. Systems, supra*, appears to support the premise that § 1963 can be applied, whether or not an appeal is pending, as long as good cause is shown. However, this Court believes that the Seventh Circuit and the District of Columbia courts provide stronger support for the application of the "Good Cause Shown" clause of amended § 1963 only during the pendency of an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's expedited motion for leave to regis-ter judgment in a foreign jurisdiction (# 48), filed January 10, 1994 be and is **DENIED** as premature.