**JACK FROST LABORATORIES, INC., Plaintiff,**

v.

**PHYSICIANS & NURSES MAN-UFACTURING CORPORA-TION, Defendant.**

**No. 92 Civ. 9264 (MGC).**

United States District Court,
S.D. New York.

Jan. 27, 1997.

Alfred H. Hemingway, Felfe & Lynch, New York City, for defendant.

## ORDER

CEDARBAUM, District Judge.

Jack Frost Laboratories, Inc. ("Jack Frost") is liable to Physicians & Nurses Manufacturing Corporation ("Physicians & Nurses") in the sum of $750,000 on an amended judgment entered on June 18, 1996 (the "Amended Judgment"). Both Jack Frost and Physicians and Nurses have appealed. By an Order entered December 11, 1996, I granted a stay of execution pending resolution of the appeal on the express condition that Jack Frost post a $500,000 bond within 10 days of the December 11, 1996 Order and an additional $250,000 bond by December 31, 1997. In that Order, I also denied a motion by Physicians & Nurses pursuant to 28 U.S.C. § 1963 for an order allowing registration of the Amended Judgment in any other district but I stated that the denial was without prejudice to renewal of the motion if Jack Frost did not comply with the conditions for a stay of execution. On December 20, 1996, I denied Jack Frost's motion for reconsideration of that Order.

Jack Frost has not posted any bond. On January 6, 1997, Jack Frost filed a motion for a stay of execution of the judgment pending appeal in the Court of Appeals for the Federal Circuit. On the same day, Physicians & Nurses renewed its motion for an order allowing registration of the Amended Judgment. On January 10, 1997, the Court of Appeals for the Federal Circuit granted a temporary stay of execution, pending the resolution of Jack Frost's motion.

---

■ Section 1963 permits a judgment of a district court to be registered in any other district court when the judgment has become final by appeal or expiration of the time for appeal, or when ordered by the court that entered the judgment for good cause shown. "Good cause" can be established "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." *Woodward & Dickerson v. Kahn*, 1993 WL 106129 (S.D.N.Y.1993); *see also Teachers Insurance and Annuity Association of America v. Ormesa Geothermal*, 1991 WL 254573 (S.D.N.Y.1991); *Associated Business Telephone Systems Corporation v. Greater Capital Corporation*, 128 F.R.D. 63 (D.N.J.1989). When a judgment is registered, it has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

■ It is undisputed that Jack Frost does not have any assets in New York. It is also undisputed that Jack Frost has its principal place of business and substantial assets in Florida. While Samuel and Cynthia Francis, the principals of the company, also have assets in other states, Physicians and Nurses has not presented evidence that Jack Frost has substantial assets outside of Florida. Accordingly, I grant Physicians and Nurses' motion to register the Amended Judgment in district courts in Florida, but not in district courts in any other state.

However, I defer to the Court of Appeals for the Federal Circuit. Accordingly, this Order is stayed pending resolution by that court of Jack Frost's motion for a stay of execution pending appeal.

SO ORDERED.