Arnold OWEN, Plaintiff,

v.

SOUNDVIEW FINANCIAL GROUP, INC., Soundview 401(k) and Profit–Sharing Plan, Defendants.

No. 96 CIV. 7003(MP).

United States District Court, S.D. New York.

Oct. 19, 1999.

John H. Reichman, Wachtel & Masyr, LLP, New York City, for Plaintiff.

David A. Fleissig, Loeb & Loeb LLP, New York City, for Defendants.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Defendants SoundView Financial Group, Inc., a/k/a SoundView Technology Group, Inc., and the SoundView 401(k) and Profit–Sharing Plan have moved for an Order, pursuant to 28 U.S.C. § 1963, authorizing the registration, in the California district courts, including the Central District of California, of the two judgments previously entered in this action in favor of defendants and against plaintiff Arnold Owen, and for such other and further relief as this Court deems appropriate.

Federal law permits a judgment of a district court to be registered in any other district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "Good

cause" is established "upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." *Jack Frost Laboratories, Inc. v. Physicians & Nurses Manufacturing Corp.*, 951 F.Supp. 51, 52 (S.D.N.Y.1997) (Cedarbaum, J.) (*quoting Woodward & Dickerson v. Kahn*, 1993 WL 106129 (S.D.N.Y. Apr. 2, 1993) (Leisure, J.)). Defendants have established "good cause" by showing that while Mr. Owen owned a home in Westchester County at the time he commenced this action, the real property records for Westchester County state that Mr. Owen sold his former residence in Scarsdale, New York, on January 17, 1999 for $686,000.00 (Exhibit 3 to the Gavaris Aff.). Furthermore, according to his trial testimony, Mr. Owen currently lives in Newport Beach, California, and is employed in California by a company called Cruttenden Roth, Inc., located in Newport Beach, California. Tr. at pp. 47–48.

 In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed to be true. *See AT & T Corp. v. Public Service Enterprises of Pennsylvania, Inc.*, 1999 WL 672543, *6 (S.D.N.Y. Aug. 24, 1999) (Preska, J.). Owen, the judgment debtor, has not submitted any sworn proof on this matter. The opposing papers of his lawyers do not even attempt to dispute—much less refute—defendants' proof that he no longer has leviable assets in New York to satisfy the judgments, and defendants' statement that he does have assets in California where he currently resides and is gainfully employed. Nor does Owen dispute that his former residence in Westchester County, where he lived at the time he commenced this action, was sold in January of 1999, and that he obtained $686,000.00 from the sale, which amount is sufficient to satisfy the judgments against Owen. Owen's careful failure to controvert any of these facts permits acceptance thereof for purposes of this motion. *See First Options of Chicago, Inc. v. Polonitza*, 1991 WL 2408, at *1 (N.D.Ill. Jan. 4, 1991); *AT & T Corp.*, 1999 WL 672543, *6.

Judgment creditors, such as defendants herein, "need not show exact evidence of assets" and registration may be granted upon a "lesser showing." *AT & T Corp.*, 1999 WL 672543, *5. Defendants have satisfied the burden of proof, and plaintiff has failed to submit any evidence to the contrary or offer any substantial reason why defendants' judgments should not be protected by registration in the area where he lives and works.

Defendants' motion to permit registration of the judgments in California is granted.

SO ORDERED.