978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. FEBRE, Defendant-Appellant.
 No. 91-2716.
 United States Court of Appeals, Seventh Circuit.
 Argued June 1, 1992.
Decided Oct. 15, 1992.
 
 Before CUMMINGS, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 In November 1983, Robert Febre pleaded guilty in the Northern District of Ohio to ten counts of a sixty-one count indictment--including counts charging mail fraud, conspiracy and income tax evasion. He was sentenced to 22 months imprisonment and a $100,000 fine, which he never paid. Pursuant to 28 U.S.C. § 1963, the Ohio criminal fine judgment was registered in the Northern District of Illinois in February 1989. In November 1990, Febre filed a Rule 60(b)(4) motion to vacate the registration in the Northern District of Illinois, claiming it is barred by the Illinois residual, five-year statute of limitations. Ill.Rev.Stat. ch. 110, § 13-205. The district court denied the motion, and Febre appeals. We affirm.
 
 I.
 
 2
 On November 10, 1983, as part of a sentence for seven federal criminal convictions, the District Court for the Northern District of Ohio imposed a $100,000 criminal fine against Robert Febre. Pursuant to the provisions of 28 U.S.C. § 1963, on February 27, 1989 the United States registered the judgment in the Northern District of Illinois.
 
 
 3
 Prior to the enactment of 28 U.S.C. § 1963, a successful litigant who wanted to enforce a district court's money judgment in another district had to bring a separate action on the judgment; the judgment creditor had to obtain "a judgment on a judgment." See generally Shanks and Standiford, Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under 28 U.S.C. § 1963, 59 Notre Dame L.Rev. 851, 857-60 (1984). This was often an expensive and time-consuming proposition. ITT Industrial Credit Co. v. Lawco Energy, Inc., 86 F.R.D. 708, 711 (S.D.W.Va.1980).
 
 
 4
 Today, a judgment creditor is still free to pursue an independent action to collect his judgment. In re Professional Air Traffic Controllers Organization (Patco), 699 F.2d 539, 544 (D.C.Cir.1983). Section 1963, however, provides an alternative, streamlined method of enforcing one district court's judgment in another district:
 
 
 5
 A judgment in an action for the recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
 
 
 6
 28 U.S.C. § 1963 (1988).[1] Registration of a judgment under section 1963 "is a rapid procedure that does not require the intervention of a judge." Patco, 699 F.2d at 544. Upon receiving a certified copy of the judgment, the clerk of the court in which the judgment is being registered merely enters the sister court's judgment on the docket. Id.; Associated Business Telephone Systems Corp. v. Greater Capital Corp., 128 F.R.D. 63, 65 n. 3 (D.N.J.1989). Once a certified copy of the final judgment has been so registered, the judgment is treated as it if were an original judgment of the registering court. A registered judgment is equivalent to a new federal judgment obtained by filing an independent action on the original judgment; it has the same status as a judgment on a judgment. Stanford v. Utley, 341 F.2d 265, 268 & 270 (8th Cir.1965).
 
 
 7
 Section 1963 was enacted "to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter." Id. at 270. See also Ohio Hoist Manufacturing Co. v. Lirocchi, 490 F.2d 105, 107 (6th Cir.1974) (section 1963 was "adopted to protect both judgment creditors and judgment debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district"), cert. denied, 417 U.S. 938 (1974). Under section 1963, a judgment creditor is not required to file a new complaint, serve the judgment debtor or establish an independent basis for jurisdiction.
 
 
 8
 Illinois has its own procedure for registering "foreign" judgments--a procedure much like the one that section 1963 was designed to bypass. To register a foreign judgment in an Illinois state court, one must file a new lawsuit, an "application for registration" of a foreign judgment. Ill.Rev.Stat. ch. 110, §§ 12-602, 12-603. A copy of the judgment must be attached to the application for registration, and the application must set forth the date the judgment was entered, any subsequent facts or legal proceedings affecting the judgment, and a prayer that the judgment be registered. Ill.Rev.Stat. ch. 110, § 12-603. The application for registration must be filed within five years from the time the foreign judgment was entered. Charles Ringer Co. v. McDonald, 537 N.E.2d 974, 975 (Ill.App.1989). The judgment debtor has 30 days after personal service of process to file objections to the registration. Ill.Rev.Stat. ch. 110, § 12-607. He may raise "[a]ny defense, set-off or counterclaim" available under Illinois law and such issues "shall be tried and determined as in other civil cases." Ill.Rev.Stat. ch. 110, § 12-608. The registered judgment becomes a final judgment of the Illinois court and thus enforceable like any other Illinois judgment, if--after a trial on any defenses--the court refuses to set aside the registration. Ill.Rev.Stat. ch 110, § 12-607. The plaintiff then has seven years to enforce the final Illinois judgment. Ill.Rev.Stat. ch. 110, § 12-108.
 
 II.
 
 9
 In 1989, the government registered the 1983 Northern District of Ohio criminal fine judgment in the Northern District of Illinois pursuant to Section 1963. There is no question that this registration complies with the explicit requirements of section 1963: a certified copy of a final judgment for money was filed in the Northern District. Febre argues that the registration is void, however, because it was not timely filed. Section 1963 does not contain a limitations period for registration of foreign judgments. Undeterred by this omission, Febre contends that the registration is barred by the Illinois residual, five-year statute of limitations. Ill.Rev.Stat. ch. 110, § 13-205.
 
 
 10
 Febre relies on Fed.R.Civ.Pro. 69(a) which, in relevant part, provides:
 
 
 11
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable....
 
 
 12
 The section 1963 registration procedure, Febre argues, is a proceeding supplementary to and in aid of judgment and, therefore, Rule 69(a) mandates that we apply Illinois law in such proceedings. Because Illinois courts have applied the five-year limitations period to applications for registration of foreign judgments filed pursuant to Ill.Rev.Stat. ch. 110, §§ 12-602, 12-603, then, district courts sitting in Illinois must refuse registration of any judgment rendered more than five years before the date of registration.
 
 
 13
 Although this appears to be an issue of first (and, probably, last) impression,[2] we believe that the district court correctly resolved the issue by distinguishing between the registration of a district court judgment in another district court which is governed by Section 1963 and the enforcement of the registered judgment which is governed by Rule 69 and state law. Under both Illinois and federal law, the procedure for registering a foreign judgment is completely separate from procedures for enforcement of a judgment. And it is only the state procedures for enforcing a judgment--such as judicial sales, garnishment and the appointment of a receiver--that Rule 69 makes applicable in federal enforcement proceedings. See 12 Wright & Miller, Federal Practice and Procedure, § 3012 at pp. 66-68.
 
 
 14
 More importantly, Rule 69 does not come into play, and thus state law is not applicable, until after the foreign judgment has been properly registered. Cf. Miller v. United States, 160 F.2d 608, 609 (9th Cir.1947) (state law held not applicable through Rule 69 because "[w]e do not regard the cause of action for a new judgment as a proceeding in aid of the prior judgment"). As noted above, registering a foreign judgment pursuant to section 1963 is an alternative procedure to filing a separate action, and a registered judgment is equivalent to a judgment on a judgment. Stanford, 341 F.2d at 268 & 270. As was the case in Miller, we do not consider a section 1963 registration as a proceeding in aid of the prior judgment. Before a judgment from another district is registered pursuant to section 1963, there is no judgment of the registering district for that district court to enforce. A district court has no power to enforce a foreign judgment before it is properly registered. For example, if a judgment rendered by an Ohio district court has not been registered in an Illinois district court, the Illinois court cannot order the garnishment of the debtor's wages to satisfy the judgment. Thus, a district court uses state law, applicable through Rule 69, to enforce a foreign judgment only after it has become a judgment of that court through section 1963 registration. Cf. Pacific Reinsurance Management Corp. v. Fabe, 929 F.2d 1215, 1219 (7th Cir.1991) ("Once a judgment has been registered, state law determines which assets may be reached."); Greater Capital, 128 F.R.D. at 65 n. 3 ("Once filed, the foreign judgment becomes an enforceable judgment of the foreign court. The judgment-creditor is then free to execute in any manner permitted under the Federal Rules of Civil Procedure and the laws of the foreign state."). See also Anderson v. Tucker, 68 F.R.D. 461, 463 (D.Conn.1975) (judgments registered pursuant to section 1963 have the effect of judgments of the District of Connecticut and therefore are not "foreign" judgments subject to the requirements of the Connecticut statute on registration of foreign judgments). Febre has cited no case to the contrary; in fact, he has not cited (and our own research did not reveal) a single case applying Rule 69(a) in section 1963 registration proceedings.
 
 
 15
 Febre also relies on Matanuska Valley Lines, Inc. v. Molitor, 365 F.2d 358 (9th Cir.1966), cert. denied, 386 U.S. 914 (1967). In 1956, the plaintiff in Matanuska obtained a default judgment in the United States District Court for the District of Alaska, and eight years later in 1964, pursuant to section 1963, registered the judgment in the Western District of Washington. Id. at 359. Under a Washington statute, a foreign judgment was not enforceable or registrable after the expiration of six years following entry of the foreign judgment. Id. Accordingly, when the judgment creditor commenced supplemental proceedings to enforce the registered judgment, the district court entered an order "abating the proceedings on the ground that enforcement of the registered judgment is barred by the Washington statute of limitations." Id. (emphasis added). The Ninth Circuit affirmed, stating:
 
 
 16
 It has long been established that the enforcement of a judgment of a sister state may be barred by application of the statute of limitations of the forum state.... Any attempt by Matanuska to enforce its judgment in the Washington state courts after the lapse of six years would have been fruitless ... Should a different result obtain because enforcement of a judgment registered under section 1963 is sought in the district court sitting in Washington? We think not.
 
 
 17
 Id. at 359-60 (citation omitted, emphasis added).
 
 
 18
 Febre reads Matanuska too broadly. Two important factual distinctions prevent our applying this case. First, the court in Matanuska was not faced with the issue we resolve today. At its broadest, the question faced by the Matanuska court was only whether a judgment could be registered pursuant to section 1963 when the applicable state limitations period for enforcing foreign judgments had already expired. Both the district court and the Ninth Circuit based their decision on the fact that enforcement of the registered judgment was barred by the state limitations period. Why register a judgment that cannot be enforced? In this case, Febre does not argue that enforcement of the judgment is barred under the applicable Illinois statute of limitations, nor could he. When the Ohio judgment was registered in this case, the Illinois limitations period for enforcing judgments had not yet expired.
 
 
 19
 A second and perhaps more important distinction is that Matanuska did not involve the federal government's enforcement of a criminal fine judgment. Febre has cited no case which imposed a time limitation on the United States for registering a criminal fine judgment. To the contrary, the cases reaching this issue have uniformly held that, absent a federal limitations statute to the contrary, there is no time limit on actions on criminal fine judgments. See, e.g., Smith v. United States, 143 F.2d 228, 229 (9th Cir.), cert. denied, 323 U.S. 729 (1944); United States v. Welborn, 495 F.Supp. 833, 835-36 (M.D.N.C.1980) (collecting cases). We find these authorities persuasive. Febre argues that these cases are inapplicable because they involved independent suits on judgments and not section 1963 registrations. We disagree. "[A]lthough different from a suit upon a judgment, registration is designed to achieve the same result and the legal principles of a suit upon a judgment are generally applicable to problems that may arise from registration." Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union, 128 F.Supp. 697, 700 (D.Haw.1955).
 
 
 20
 Thus, the Illinois five-year statute of limitations does not apply to registration of judgments pursuant to 28 U.S.C. § 1963. This does not mean, however, that the government has forever to register and enforce its criminal fine judgment. In fact, the government faces two statutory time limits. First, under 18 U.S.C. § 3613(b), Febre's liability to pay the criminal fine expires twenty years after the entry of the original Ohio judgment--that is, in 2003. In addition, the Illinois statute of limitations on enforcement of judgments is applicable through Rule 69. Under Ill.Rev.Stat. ch. 110, § 12-108, the government has seven years from registration to enforce the registered judgment, or until 1996. See Marx v. Go Publishing Company, Inc., 721 F.2d 1272, 1273 (9th Cir.1983) (California ten-year statute of limitations for enforcement of judgments runs from the date of the section 1963 registration); National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc., 490 N.E.2d 42, 46 (Ill.App.1986) (seven-year limitations period for enforcement of judgments runs from the date the foreign judgment is registered, not from the initiation of a proceeding to register the judgment).[3]
 
 III.
 
 21
 For the forgoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Section 1963 was amended, effective May 29, 1991, by adding, after the words "for good cause shown": "Such a judgment in favor of the United States may be so registered any time after judgment is entered."
 
 
 [2]
 We are unlikely to face this issue again because, after the government registered the criminal fine judgment in this case, Congress enacted the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001, et seq., which eliminates the necessity of invoking Rule 69's mandate to apply state law. The Act provides the exclusive civil procedures for the United States to execute on judgments, 28 U.S.C. § 3001(a), and is applicable to criminal fine judgments, 28 U.S.C. § 3002(3)(B) & (8)
 We are also at a loss to explain why the government registered this judgment in the Northern District in the first place. Under the federal long-arm statute, 28 U.S.C. § 2413 (and under the new Act, 28 U.S.C. § 3004(b)), the United States can execute on a criminal fine judgment in any district in which the debtor owns property simply by delivering a writ of execution issued by the court which rendered judgment to the local U.S. Marshal. Because this procedure bypasses the registration requirement, it would have been much easier for the government to execute the judgment by using section 2413. See United States v. Palmer, 609 F.Supp. 544, 547-48 (E.D.Tenn.1985).
 
 
 [3]
 Febre also argues, in two brief paragraphs, that his due process rights were violated because he did not receive notice of the registration. Because Febre did not present this issue to the district court, it is waived