# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2010

No. 09-10581

Lyle W. Cayce
Clerk

ROMULO DEL PRADO, on behalf of Himself and a Class of Judgment Creditors of the Estate of Ferdinand E Marcos,

Plaintiff - Appellant

v.

B N DEVELOPMENT COMPANY INC; ELLESMERE INVESTMENT CORPORATION INC; JASON DEVELOPMENT COMPANY INC; LANGLEY INVESTMENT CORPORATION INC; PENDER INVESTMENT CORPORATION INC; REVELSTOKE INVESTMENT CORPORATION INC; VERNON INVESTMENT CORPORATION INC,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

This case presents the question of whether a judgment entered in one federal court and then registered in a second federal court pursuant to 28 U.S.C. § 1963, may be re-registered and enforced in a third federal court, a process termed "successive registration." Under § 1963, a judgment from one federal court that is registered in another federal court "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." This statutory language, together with the authorities

No. 09-10581

cited below, persuade us that registered judgments are to be given the same effect as rendered judgments so that § 1963 permits registration and enforcement of registered judgments in the third district court. We therefore reverse the district court and remand the case.

## I.  FACTS

This case arises out of the class action brought against Ferdinand Marcos, the former President of the Philippines. After President Marcos arrived in the United States in 1986, he was served with numerous complaints claiming damages for human rights violations. These cases were consolidated into the federal district court in Hawaii. In 1991, the Hawaiian federal district court certified the case as a class action. Between 1992 and 1995, three separate jury trials were held concerning the issues of liability and damages. Ultimately, President Marcos was cast in judgment for nearly $2,000,000,000 in damages to the plaintiff-appellant class. Final judgment on the class action was entered in the Hawaiian federal district court on February 3, 1995 (hereinafter "the Hawaiian judgment"), and was thereafter affirmed by the Ninth Circuit. *See Hilao v. Estate of* Marcos, 105 F.3d 767 (9th Cir. 1996) ("*Hilao I*"). In 1997, the Ninth Circuit issued its mandate for the Hawaiian judgment.

In 1997, the plaintiff registered the Hawaiian judgment in the Northern District of Illinois pursuant to 28 U.S.C. § 1963 (hereinafter "the Illinois registered judgment"), as well as in other jurisdictions located outside of the United States.

On April 8, 2005, the plaintiff registered the Hawaiian judgment in the Northern District of Texas pursuant to 28 U.S.C. § 1963. The plaintiff also filed a complaint against the defendants-appellees alleging they held legal title to Texas property for which the Marcos estate held equitable title. The plaintiff

2

sought to enforce the registered Hawaiian judgment in Texas by foreclosing on that property.

In 2006, the defendants notified the plaintiff that the 1995 Hawaiian judgment expired pursuant to Hawaiian Revised Statute § 657-5[1] before the plaintiff had registered the Hawaiian judgment in the Northern District of Texas. Recognizing this flaw in the registration, on June 5, 2006, the plaintiff filed a motion in the Hawaiian federal district court for an extension of the Hawaiian judgment. On June 27, 2006, the Hawaiian district court entered an order extending the Hawaiian judgment. The Hawaiian district court reasoned that the Hawaiian judgment was not final until the issuance of the mandate by the Ninth Circuit in 1997. Based on that reasoning, the district court found that the motion for extension was timely filed in the Hawaiian federal district court.

In 2008, the Ninth Circuit reversed and vacated the extension granted by the Hawaiian district court. *See Hilao v. Estate of Marcos*, 536 F.3d 980 (9th Cir. 2008) ("*Hilao II*"). The Ninth Circuit held that the date of final judgment was February 3, 1995, the date that the judgment was entered by the Hawaiian district court, not the date of the issuance of the mandate by the Ninth Circuit in 1997. Because HRS § 657-5 states that "[n]o extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered," the Ninth Circuit found that

---

[1] HRS § 657-5 states:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

No. 09-10581

relief on the plaintiff's June 5, 2006 motion to extend the judgment was time-barred.

On September 4, 2008, the plaintiff timely revived the Illinois registered judgment in the Northern District of Illinois.[2] On October 10, 2008, the plaintiff registered the revived Illinois registered judgment in the Northern District of Texas pursuant to § 1963. On October 14, 2008, the plaintiff filed a motion to amend the original complaint filed on April 8, 2005, to reflect its intent to enforce the revived Illinois registered judgment. Arguing that the court should not recognize the Illinois registered judgment, the defendants filed a 12(b)(6) motion to dismiss.

The Texas federal district court denied the plaintiff's motion to amend the complaint and granted the defendants motion to dismiss the plaintiff's suit. The plaintiff timely filed this appeal.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to file amended pleadings] when justice so requires." We review the district court's denial of the plaintiff's motion to amend for an abuse of discretion. *Forman v. Davis*, 371 U.S. 178, 182 (1962). We review *de novo* an order granting a 12(b)(6) motion to dismiss. *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

---

[2] Under Illinois law, a judgment that has laid dormant for seven years must be revived to be enforced. 735 ILCS 5/12-108(a). This is required even though a judgment does not prescribe until the expiration of twenty years after its entry. 735 ILSC 2/1602(a), 5/13-218. Thus, while the 1997 Illinois registered judgment was not time barred in 2008, before the plaintiff could enforce the 1997 Illinois registered judgment, the plaintiff had to first revive it.

4

No. 09-10581

## III. ANALYSIS

On appeal, the plaintiff argues that two judgments were properly registered and may be enforced in the Northern District of Texas: (1) the Hawaiian judgment, as registered in Texas on April 8, 2005, and (2) the Illinois registered judgment, as successively registered in Texas on October 10, 2008. The enforceability of these judgments is discussed separately.

### A. Hawaiian Judgment

The plaintiff argues that the Hawaiian judgment did not become final until December 6, 1995 because on that date the Hawaiian federal district court entered a final judgment as to all of the consolidated actions in this matter. Therefore, the plaintiff asserts that the Hawaiian judgment was properly registered in Texas federal district court within ten years of its entry and may be enforced in Texas.

The defendants counter that *res judicata* and *collateral estoppel* preclude the plaintiff from re-litigating the date on which the Hawaiian judgment became final for the purposes of triggering the ten year statute of limitations. According to the defendants, the Ninth Circuit in *Hilao II* necessarily decided that the final judgment was rendered by the Hawaiian federal district court for this purpose on February 3, 1995. Because the plaintiff has already litigated the issue of when the final judgment was entered and the Ninth Circuit has already reached a conclusion on that issue, the defendants assert that the plaintiff is barred from re-litigating the issue.

We agree with the defendants that the Ninth Circuit actually decided the effective date of the Hawaiian judgment and that the plaintiffs are precluded from re-litigating this issue. *See United States v. Davenport*, 484 F.3d 321, 325–26 (5th Cir.), *cert. denied*, 128 S.Ct. 805 (2007) (citations omitted) (discussing *res judicata*); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (citations omitted) (discussing *collateral estoppel*). Moreover, the

5

No. 09-10581

plaintiff waived its argument on this issue by failing to raise it to the district court until the reply brief to a Motion for Reconsideration. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990) (citations omitted) ("Generally speaking a party may not raise an argument for the first time in a petition for rehearing.").

Because more than ten years passed between the entry of the Hawaiian judgment and its registration in Texas, the Hawaiian judgment expired before it was registered in Texas. A judgment may only be registered and enforced at a time when the judgment is still enforceable in the state from which it is being registered. *See Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 405 (5th Cir. 2001). As such, the Hawaiian judgment may not be registered and enforced by the Texas federal district court.

## B.  Illinois Registered Judgment

The plaintiff argues next that § 1963 permits the Illinois registered judgment, which is valid and enforceable in the Northern District of Illinois,[3] to be successively registered and enforced in the Northern District of Texas. Sec. 1963 states in pertinent part:

> A judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

---

[3] The Hawaiian judgment was registered in the Northern District of Illinois in 1997, *see Estate of Marcos Human Rights Litig. v. Estate of Marcos*, 1997 U.S. Dist. LEXIS 10958 (N.D. Ill. 1997), and was revived on September 4, 2008. The defendants do not challenge that the revived Illinois registered judgment is enforceable in Illinois; § 1963 clearly allows for its enforcement. *See, e.g., Home Port Rentals*, 252 F.3d 399; *Marx v. Go Pub. Co.*, 721 F.2d 1272 (9th Cir. 1982); *Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965).

No. 09-10581

The defendants counter that successive registration is not allowed under § 1963 because a registered judgment is only derivative of the judgment of the court where it was originally rendered and not an independent judgment of the registering court; therefore, a registered judgment cannot be re-registered. In other words, the defendants argue that the Illinois registered judgment is not an independent judgment and, because the Hawaiian judgment expired, the Illinois registered judgment cannot be successively registered.

To support this argument, the defendants assert that the Illinois judgment does not qualify as an independent judgment because it was not "entered"[4] in a federal district court pursuant to FED. R. CIV. P. 58. Instead, the defendants assert that a registered judgment is merely included in the court's docket as an attachment to a certification from the rendering court.

Despite the defendants' argument, the record clearly indicates that on September 4, 2008 the revived Illinois registered judgment was entered by the Clerk of Court in the Northern District of Illinois as a separate document entitled "Judgment in a Civil Case." There is no merit to the defendants' argument that the Illinois judgment was not an "entered" judgment.[5]

---

[4] The first sentence of § 1963 states that "[a] judgment in an action for the recovery of money . . . *entered* in any . . . district court . . . may be registered . . . ." (emphasis added).

[5] While the defendants argument focuses on whether the Illinois registered judgment was "entered," examining the registration process for the Illinois judgment in the Northern District of Texas makes it clear that a registered judgment is "entered" pursuant to FED. R. CIV. P. 58. Upon registration in Texas, the Illinois registered judgment was filed in the Northern District of Texas by the Clerk of Court. It was then given a docket number by the Clerk of Court for the Northern District of Texas. Thereafter, the Illinois judgment was indexed in the judgment index. As the registration procedure in the Northern District of Texas makes clear, the same procedures are used to "enter" a registered judgment as are used to "enter" a rendered judgment. *See also Arenas v. Sternecker*, 109 F. Supp. 1, 2 (D. Kan. 1953) ("The term 'registered' is not defined; but, as applicable here, it seems to connote a filing with the clerk and an entering upon the records in that office, in substantially the same manner as a judgment rendered by this court.").

No. 09-10581

The final sentence of § 1963 clearly states that a registered judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." In this case, we read that to mean that once the Hawaiian judgment was registered in Illinois in 1997, the Illinois registered judgment had the same effect as any judgment rendered in the Northern District of Illinois and could be enforced as a judgment rendered in the Northern District of Illinois.[6]

Our cases concerning registered judgments also support the principal that a registered judgment has the same effect as a rendered judgment. For example, in *Cadle Co. v. Neubauer*, 562 F.3d 369, 372 (5th Cir. 2009), we found that "under the plain language of § 1963, [the plaintiff's] registration of the . . . final judgment in the Northern District of Texas is treated as a final judgment of the Northern District of Texas."[7] We reached the same conclusion in *Home Port*

---

[6] *See also United States v. Palmer*, 609 F. Supp. 544, 547 (E.D. Tenn. 1985) ("The language of [§ 1963] is absolutely clear that once the judgment is registered in the new district, it "shall have the same effect as a judgment of the district court of the district where registered . . ."); FEDERAL PROCEDURE: LAWYERS EDITION § 31:36 (West 2007) (footnotes omitted) ("Registration of a judgment pursuant to [§ 1963] provides, so far as enforcement is concerned, the equivalent of a new judgment of the registering court, and allows the judgment creditor to pursue all remedies available in the district of registration for satisfaction of a debt, in accordance with the laws of the registering state."); WRIGHT, MILLER, & KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2787 (West 1995) (footnote omitted) ("In terms of the effect of registration, the statute is more than merely ministerial because it provides that a registered judgment shall have the same effect as a judgment of the court in which it is registered and that it may be enforced in the same manner as a judgment of the registration court.").

[7] The defendants argue that *U.S. v. Kellum*, 523 F.2d 1284 (5th Cir. 1975) precludes our finding that a registered judgment is equivalent to a new, independent judgment. In *Kellum*, a money judgment was entered against the defendants in the Northern District of Mississippi. The Northern District of Mississippi money judgment was then registered in the Southern District of Mississippi. The Government argued, *inter alia*, that the registration of the money judgment in the Southern District of Mississippi revived and renewed the original money judgment in the Northern District of Mississippi. The *Kellum* court disagreed with the Government's position, finding that the registration of a judgment did not revive the originally entered judgment. While the *Kellum* court's determination that a registered judgment does not revive the originally entered judgment is clearly a correct statement of law. But the holding of *Kellum* has no bearing on the facts of the case before us. The question in the

8

No. 09-10581

*Rentals* when we found that a judgment registered in a Louisiana federal district court had the same effect as if it had been rendered by a Louisiana federal district court. 252 F.3d at 408 ("We simply cannot read the plain language of the final sentence of § 1963 . . . any way other than as equating registration with a new judgment-on-judgment, at least for purposes of enforcement within the district of registration.").[8]

Other circuits have also taken the position that "[a] registered judgment is equivalent to a new federal judgment." *Febre*, 1992 WL 288321, *1. *E.g., Marx*, 721 F.2d at 1273; *Stanford*, 341 F.2d at 267. Then Judge Blackmun agreed with this principle when he wrote for the Eighth Circuit that:

> The language [of § 1963] is clear, unambiguous and seemingly purposeful. If registration is to "have the same effect as a judgment", it must, for our present enforcement purposes, mean just that and not something else. To restrict registration to a procedural and collection device for the foreign judgment itself, and to have it expire with a foreign judgment, would give the words of the statute a lesser status than their plain meaning and to make registration something far inferior to a judgment on a judgment.

*Id.* at 269–70. In *Hilao II*, the Ninth Circuit echoed Judge Blackman's opinion by stating that "registering a judgment under 1963 is the functional equivalent of obtaining a new judgment of the registration court." 536 F.3d at 989.

---

instant case is not whether registration revived the original Hawaiian judgment; the question is whether the Illinois judgment can be registered in Texas. As such, *Kellum* is not helpful in resolving this issue in the instant case.

[8] The defendants argue that *Home Port Rentals* limits the effect of registered judgments because the court stated that a registered judgment was "a new judgment-on-judgment, *at least for purposes of enforcement within the district of registration.*" *See* 252 F.3d at 408 (emphasis added). In *Home Port Rentals*, however, the court was not concerned with successive registration. Instead, the court was only concerned with the enforceability of a judgment registered directly from the rendering court. Therefore, we do not read the dicta of *Home Port Rentals* as a signal that a registered judgment could not be successively registered.

No. 09-10581

The authorities completely satisfy us that the Illinois registered judgment was fully enforceable in Illinois and had all of the attributes of a judgment rendered by the Northern District of Illinois.  It follows, then, that the Illinois judgment may be re-registered in the Northern District of Texas and enforced in Texas.  As the Seventh Circuit stated:

> Upon receiving a certified copy of the judgment, the clerk of the court in which the judgment is being registered merely enters the sister court's judgment on the docket.  Once a certified copy of the final judgment has been so registered, the judgment is treated as it if [sic] were an original judgment of the registering court.  A registered judgment is equivalent to a new federal judgment obtained by filing an independent action on the original judgment; it has the same status as a judgment on a judgment.

*Febre*, 1992 WL 288321, *1.

There is no doubt that if the Northern District of Illinois rendered a money judgment, that money judgment could be registered in the Northern District of Texas and enforced in Texas pursuant to § 1963.  If a registered judgment is to be given "the same effect as a judgment of the district court of the district where registered," we see no reason why the Illinois registered judgment should not also be capable of being registered in another federal court and enforced in that court.

Examining parallel situations in our federal-state judicial system reinforces our conclusion that the Illinois registered judgment should be given the same dignity by the Northern District of Texas as a judgment originally rendered by a Illinois federal district court.  The Supreme Court has long held that the Full Faith and Credit clause of the Constitution requires a state to give a judgment on a judgment rendered by a different state court equal dignity to a judgment rendered by its own state court.  In *Roche v. McDonald*, 275 U.S. 449 (1928), the Court held that this principle was not limited to a one-step process

10

in which only two states were involved. In *Roche*, a judgment was entered against the defendant in Washington state court. The defendant then moved to Oregon, so suit was brought against the defendant upon the Washington state court judgment in Oregon state court and judgment was again rendered against the defendant. Thereafter, the defendant moved back to Washington. By then, the original Washington judgment had expired, so the plaintiff filed suit against the defendant in Washington based on the valid Oregon state court judgment. The Washington Supreme Court entered judgment in favor of the defendant holding that because the statute of limitations had run on the Washington judgment, the Oregon judgment was also not enforceable.

The U.S. Supreme Court reversed the Washington Supreme Court judgment, stating:

> the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State.

*Id*. at 451.

Based on *Roche*, it is clear that the Full Faith and Credit clause allows for a state court judgment to be rendered in one state court, sued on in a second state court, and then the judgment on a judgment of the second state court successively sued on in a third state court and that judgment on a judgment enforced by the latter state court. The same result occurs when a plaintiff moves its judgment between federal and state courts. The Full Faith and Credit Act, 28 U.S.C. § 1738, implements the Full Faith and Credit clause of the Constitution by stating:

11

No. 09-10581

> Such Acts, records and judicial proceedings [of any State, Territory or Possession] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The Full Faith and Credit Act has been interpreted to require state courts to give full effect to federal court judgments, *see Stoll v. Gottlieb*, 305 U.S. 165, 170–71 (1938), and federal courts to give full effect to state court judgments, *see Southern Jam, Inc. v. Robinson*, 675 F.2d 94, 97–98 (5th Cir. 1982). This means that under § 1738, a state court judgment may be rendered in one state court, sued on as a judgment on a judgment in a second state court, and then the judgment of the second state court may be successively sued on and enforced by a federal district court. Likewise, a judgment rendered in a federal district court may be sued on in a state court, and that state court judgment could be sued on and enforced by a second state court.

At oral argument, the defendants acknowledged that if the plaintiff had moved its judgment through the state court system or between federal and state courts, the plaintiff would be allowed to enforce its judgment as described above. The defendants argued that the Illinois registered judgment should be treated differently than the judgment on a judgment in *Roche* because a defendant to a registered judgment does not have the same procedural protections as he would for a judgment on a judgment.

The defendants conclusory argument has two shortcomings. First, arguing that a registered judgment is unenforceable for procedural reasons is an attack on the enforceability of any registered judgment under § 1963. If procedural deficiencies exist that would prevent enforcement of the Illinois registered judgment, those same deficiencies would prevent enforcement of a judgment originally rendered by the Northern District of Illinois (or any other federal

12

No. 09-10581

district court) and registered in the Northern District of Texas. The plain text of § 1963 and cases interpreting the statute plainly tell us that registered judgments are enforceable and no procedural inadequacies have been identified that even arguably preclude their enforcement.

More importantly, the defendants failed to demonstrate that they did not receive notice or were impeded from raising any defense. The record is clear that the defendants received notice in at least two instances when the Illinois registered judgment was successively registered in the Northern District of Texas. The defendants received notice on October 8, 2008 when the plaintiff filed notice in the Northern District of Texas that it revived the Illinois registered judgment, and again on October 14, 2008 when the plaintiff filed a motion for leave to file an amended complaint to enforce the Illinois registered judgment.

Similarly, the defendants do not show that they were impeded from raising any defense. The only procedural vehicle provided under the Federal Rules to a defendant to attack a final judgment in the district court after time has run to file a Rule 59 motion is Rule 60(b). *See Templet v. Hydrochem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004). This circuit's cases, and the majority of other circuits, are clear that the defendant to a registered judgment is entitled to raise defenses under Rule 60. *E.g., Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001).[9] As such, we find no merit in the defendants' procedural argument that a registered judgment should not be given the same dignity as a judgment on a judgment for these purposes.

---

[9] *See also On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.*, 245 F.R.D. 213, 216–20 (E.D. Pa. 2007) (discussing the position of the First, Second, Fifth, Seventh, Ninth, and Tenth Circuits with regards to whether a court may entertain a motion under FED. R. CIV. P. 60(b)); FEDERAL PROCEDURE: LAWYERS EDITION § 31:39; WRIGHT, MILLER, & KANE, 11 FEDERAL PRACTICE AND PROCEDURE §§ 2787, 2865 nn.3–4.

No. 09-10581

Given the ability of a plaintiff to enforce his judgment from one state to another state, and between state and federal courts, it would be strange indeed for Congress to intend for § 1963 to yield the incongruous result that federal judgments, when registered in another federal district court, are not entitled to their full effect.  Moreover, the text of § 1963 and our cases interpreting the statute support the conclusion that registered judgments should be given their full effect.  Because the Illinois registered judgment was equivalent to a new federal judgment with the same status as a judgment on a judgment, it was also be capable of being successively registered and enforced under § 1963 in the Northern District of Texas.

## IV.  CONCLUSION

For the above stated reasons, we conclude that the district court erred in finding that the Illinois judgment was not enforceable in Texas and the district court abused its discretion by not allowing the plaintiff class to amend the complaint to rely on the Illinois judgment.  We therefore reverse the district court's denial of the plaintiff class' motion to amend, as well as the district court's order granting the defendants' 12(b)(6) motion to dismiss.  We remand this case to the district court for further proceedings consistent with this opinion.

REVERSED.

REMANDED.

14