**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FERDINAND DE LEON,

       Plaintiff-Appellant,

v.

IMELDA R. MARCOS; FERDINAND
R. MARCOS; DENMAN
INVESTMENT CORPORATION,
INC.,

       Defendants-Appellees.

No. 10-1578

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:09-CV-02216-MSK-MEH)**

---

Submitted on the briefs:[*]

Robert A. Swift, Kohn, Swift & Graf, P.C., Philadelphia, PA (Richard G. (Chip) Sander, Sander Ingebretsen & Wake, P.C., Denver, Colorado, with him on the brief), for Plaintiff-Appellant.

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**TYMKOVICH**, Circuit Judge.

Ferdinand De Leon appeals from the district court's entry of judgment in favor of defendant Denman Investment Corporation, Inc. The district court granted Denman's motion to dismiss on the merits after the parties had already executed a settlement agreement and filed a stipulation of dismissal. As explained below, we have jurisdiction under 28 U.S.C. § 1291, and conclude that the stipulation of dismissal was a self-executing dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). We therefore vacate the district court's judgment and remand for the entry of an order stating that, by stipulation of the parties, the action is dismissed with prejudice.

## I. Procedural Background

De Leon represents a class of over 9500 people who brought human rights claims against former Philippines President Ferdinand Marcos. In 1995, the class obtained a judgment of nearly $2 billion in the United States District Court for the District of Hawaii. In 1997, the class registered the Hawaii judgment in the United States District Court for the Northern District of Illinois pursuant to the enforcement provisions of 28 U.S.C. § 1963. The registered judgment became dormant seven years later, but was revived in 2008 and will remain effective until 2017 under Illinois law. De Leon registered the revived Illinois federal judgment in the United States District Court for the District of Colorado in 2008.

Meanwhile, in 2005, the class filed an action in the United States District Court for the Northern District of Texas, seeking to enforce the Hawaii judgment against real property in Texas allegedly owned by the Marcos estate (the *Del Prado* case). After the Texas district court determined that the Hawaii judgment had expired under Hawaii state law before the *Del Prado* plaintiffs filed their complaint, the class obtained an extension of the judgment from the Hawaii district court in 2006. However, the extension was reversed on appeal. *See Hilao v. Estate of Marcos*, 536 F.3d 980, 982 (9th Cir. 2008). The *Del Prado* plaintiffs then registered the revived Illinois federal judgment in the Northern District of Texas and amended the complaint to rely on that judgment. The Texas district court ruled that the Illinois judgment could not be registered in other states, but the Fifth Circuit reversed in April 2010, concluding that the Illinois judgment could be registered in other jurisdictions. *See Del Prado v. B.N. Dev. Co.*, 602 F.3d 660, 662 (5th Cir. 2010).

While the *Del Prado* case was proceeding, De Leon filed this putative class action in September 2009, seeking to enforce the Illinois judgment he had registered in the District of Colorado[1] against real property in Colorado that the class asserted was owned nominally by Denman but beneficially by the Marcos

---

[1] Although De Leon also relied on a registration of the Illinois federal judgment in an Illinois state court, there appears to be no reason to discuss the registered state judgment separately. Therefore, we refer only to the singular federal judgment.

estate. Denman filed a motion to dismiss in October 2009, contending that, among other things, the Illinois judgment was not enforceable in Colorado.[2] On June 25, 2010, the Colorado district court held argument on Denman's motion to dismiss, denied a motion to certify the class, and dismissed the sole claim against the Marcoses.

In July 2010, while Denman's motion to dismiss was still under consideration, De Leon filed an Advice of Settlement indicating that the parties had reached a settlement in principle of both this action and *Del Prado*. On August 13, 2010, the parties executed a settlement agreement (Agreement) and filed it four days later in *Del Prado*. Among other things, the Agreement provided:

> Within ten (10) business days after the Execution Date, Plaintiff shall submit to the United States District Court for the District of Colorado a motion requesting entry of an order, in the forms attached hereto as Exhibit E, providing that the Colorado Actions are dismissed without prejudice upon entry of the Order and that the dismissals shall become with prejudice as to Denman only on the Effective Date.[3]

---

[2] Denman also argued that the complaint failed to allege sufficient facts that the real property at issue was owned by the Marcos estate, that the claims were barred by issue preclusion based on the district court's decision in *Del Prado* that the Illinois judgment could not be registered in other states, and that the district court should stay this case until the Fifth Circuit ruled on the appeal from the district court's decision in *Del Prado*.

[3] Ultimately, the settlement agreement's "Effective Date" occurred on December 17, 2010, thirty days after the Texas court granted final approval of the Agreement.

Aplt. App. at 30, ¶ 27.[4]  The Agreement also provided that if it was rescinded for any reason, De Leon reserved the right to withdraw the dismissal of the Colorado actions.

On August 19, 2010, De Leon filed the stipulations that were attached to the Agreement in the Colorado district court.  The stipulation as to Denman contained three "whereas" clauses, two of which are relevant.  The first provides: "WHEREAS, the Agreement requires Plaintiff, within 10 business days of August 13, 2010, to move this Court for an Order dismissing without prejudice the above-captioned action as to Defendant Denman and providing that the dismissal shall become with prejudice on the 'Effective Date (as defined in the Agreement).'"  ECF No. 88 at 1.[5]  The other relevant "whereas" clause states: "WHEREAS, the plaintiff and Denman agree that, in the event the Settlement is rescinded, the Plaintiff may withdraw the dismissal and reinstate the . . . action." *Id.*  After the "whereas" clauses, the stipulation provided:

> NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between counsel in the above-captioned action that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), each party to bear its own costs.  Plaintiff's

---

[4]     The plural reference to "Colorado Actions" in this provision of the Agreement includes the instant action as well as a related action, *135 Randomly Selected Class Claimants v. Denman Investment Corp.*, No. 05-cv-702-MSK-MEH (D. Colo. filed Apr. 15, 2005).  *See* Aplt. App. at 26 ¶ 7.

[5]     De Leon did not provide certain documents in his appendix relevant to the jurisdictional and procedural questions in this appeal.  Consequently, we cite to the Electronic Case Filing (ECF) docket number for those documents.

counsel shall promptly notify the Court of the Effective Date after it occurs.

*Id.* at 2. The stipulation was signed by counsel for De Leon and Denman. Below these signatures, the stipulation reads:

SO ORDERED:
BY THE COURT:


_____
Marcia S. Krieger
United States District Judge

*Id.*

On September 23, 2010, the district court entered three orders. In the first order, the court granted Denman's motion to dismiss on the merits. In the second order, the court withdrew its merits decision in a text-only docket entry. The court stated the following with regard to the stipulation:

[I]n issuing the Order [granting Denman's motion to dismiss], the Court overlooked the parties' prior Stipulation of Dismissal . . . . However, having reviewed that stipulation, the Court notes that it is conditional in nature, anticipating that the parties would file a motion to dismiss within 10 days of August 13, 2010. No such motion was filed, and thus, the Court assumes the parties have rescinded the settlement as set forth in the Stipulation.

ECF No. 90. In its third order, the district court issued a corrected merits decision, holding that a judgment created by registration under 28 U.S.C. § 1963 is enforceable only in the jurisdiction where it is registered and cannot be later re-registered in another jurisdiction. *De Leon v. Marcos*, 742 F. Supp. 2d 1168, 1176-79 (D. Colo. 2010). Thus, the judgment created by registration in the

-6-

Northern District of Illinois could not be re-registered in Colorado to support the action, the court held, and therefore De Leon lacked standing. *Id.* at 1179.

On September 27, 2010, the district court issued a separate judgment in favor of Denman. On September 30, De Leon filed a motion to vacate or modify the merits decision, invoking Rules 59 and 60 of the Federal Rules of Civil Procedure. De Leon argued that the parties' stipulated dismissal stripped the district court of jurisdiction over the merits.[6] While the Rule 59 motion was pending, De Leon filed a petition for a writ of mandamus in this court seeking an order compelling the district court to vacate its merits ruling. On December 3, 2010, this court denied the petition, explaining that De Leon had not shown an indisputable right to the requested relief and also had adequate alternative remedies in the form of the pending Rule 59 motion and a direct appeal. *See In re De Leon*, No. 10-1488 (10th Cir. Dec. 3, 2010) (order denying petition for writ of mandamus).

On December 29, 2010, De Leon filed in the district court a "Notice of Withdrawal" of the Rule 59 motion and a notice of appeal to this court. On January 5, 2011, the clerk of this court ordered briefs on whether this court should

---

[6]     De Leon invoked both Rule 59 and Rule 60, and the motion was timely as to each rule. Because there is no material difference in our ensuing appellate jurisdictional analysis for timely motions filed under either rule, we will refer to the motion as a Rule 59 motion.

summarily dismiss the appeal for lack of jurisdiction.  The order framed the issue

as follows:

> Whether this court has jurisdiction where the notice of appeal was
> filed more than 30 days after entry of final judgment on
> September 27, 2010, and where the appellant withdrew his motion to
> vacate?  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Bowles
> v. Russell*, 551 U.S. 205, 127 S.Ct. [sic] 2360, 2366 (2007) ("Today
> we make clear that the timely filing of a notice of appeal in a civil
> case is a jurisdictional requirement.").  *See also Vanderwerf v.
> Smithkline* [sic] *Beecham Corp.*, 603 F.3d 842 (10th Cir. 2010)
> (holding that where the appealing party withdraws its post-judgment
> motion and the district court does not issue an order on the motion or
> the withdrawal, the time to appeal begins to run from the entry of
> final judgment).

*De Leon v. Marcos*, No. 10-1578 (10th Cir. Jan. 5, 2011) (clerk's briefing order).

Two days after the clerk issued the briefing order, De Leon returned to the

district court to file a "Motion for Entry of Order Terminating Action Based on

Withdrawal of Motion."  ECF No. 108.  In relevant part, the motion read:

> In order that [De Leon] may perfect his Notice of Appeal, he
> requests that this Court enter an order terminating this proceeding
> based on the Notice of Withdrawal of his Rule 59/60 Motion.
> (ECF # 102[.])  An order from this Court disposing of the Motion
> would satisfy both FRAP Rule 4(a) and the Tenth Circuit's ruling in
> *Vanderwerf v. Smithkline* [sic] *Beecham Corp.*, 603 F.3d 842
> (10th Cir. 2010).

*Id.*  In a text-only docket entry, the district court ruled on De Leon's Motion for

Entry of Order:

> IT IS HEREBY ORDER[E]D:  Plaintiff's <u>108</u> Motion to
> Dismiss is granted in part and denied in part.  The motion is granted
> insofar as the Court deems the Plaintiff to withdraw its <u>94</u> Motion to
> Vacate, which is thus deemed withdrawn and rendered moot.  The

-8-

> Motion to Dismiss is denied insofar as it requests "an order terminating the proceeding," as the case has already been terminated by entry of Judgment on September 27, 2010.

ECF No. 110. De Leon subsequently filed his jurisdictional brief. Denman filed a notice of its intent not to participate in this appeal, stating that it had settled all claims with the class members.

## II. Analysis

### A. Appellate Jurisdiction

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles*, 551 U.S. at 214. With certain exceptions not relevant here, a notice of appeal in a civil action "must be filed . . . within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

The first jurisdictional issue in this appeal is whether De Leon is entitled to the tolling provisions of Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) by virtue of his Fed. R. Civ. P. 59 motion. Appellate Rule 4(a)(4)(A) provides that "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the *order disposing of* the last such remaining motion." (Emphasis added.) Motions under Fed. R. Civ. P. 59 are included under Fed. R. App. P. 4(a)(4)(A)(iv).

We have interpreted Rule 4(a)(4)(A) to require an order disposing of the tolling motion in order for the appealing party to benefit from the tolling

provision. In *Vanderwerf v. SmithKline Beecham Corp.*, the district court entered summary judgment in favor of the defendant, and the Vanderwerfs filed a timely Rule 59(e) motion. 603 F.3d at 845. When the district court did not rule on the motion for seven months, the Vanderwerfs withdrew it and, on the same day, filed a notice of appeal. *Id.* We explained that the withdrawal of the Rule 59 motion

> without the entry of an order by the district court left the [merits]
> order as the order being appealed. Because that order was seven
months old, the time for filing a notice of appeal expired approximately six
months before . . . . Federal Rule of Appellate Procedure 4 requires entry of an
order disposing of the Rule 59 motion to give the appealing party the benefit of
Rule 4(a)(4)(A)(iv). The Vanderwerfs' withdrawal of their Rule 59 motion leaves
the record as if they had never filed the motion in the first place.

*Vanderwerf*, 603 F.3d at 846 (brackets omitted) (internal quotation marks omitted). In further support, we pointed to 56 Am. Jur. 2d *Motions, Rules and Orders* § 32 (2009): "'The effect of a withdrawal of a motion is to leave the record as it stood prior to filing as though the motion had never been made.'" *Vanderwerf*, 603 F.3d at 846. But we also noted, "it seems the best option [for the Vanderwerfs] may been for the Vanderwerfs to have moved to withdraw the motion [for Rule 59 relief] . . . thereby triggering a 30-day period for the filing of a timely appeal." *Id.* at 848.

En route to rejecting the Vanderwerfs' contention that the filing and later withdrawal of the Rule 59(e) motion tolled the thirty-day filing period of Rule 4(a)(1)(A), we distinguished several cases, one of which is relevant to this case. In *United States v. Rodriguez*, 892 F.2d 233 (2d Cir. 1989), "the

-10-

government filed a Rule 59 motion, and then sent a letter withdrawing it. Eleven days later, the district court acknowledged the letter in a ruling stating 'motion denied as withdrawn,' which the Second Circuit construed as 'a denial of the government's [Rule 59] motion.'" *Vanderwerf*, 603 F.3d at 847 (brackets in *Vanderwerf*) (quoting *Rodriguez*, 892 F.2d at 234). Under these circumstances, the Second Circuit held that the time limitation for filing a notice of appeal was tolled. *Rodriguez*, 892 F.2d at 236. We distinguished the Vanderwerfs' situation by noting that they "did not wait until the district court had the opportunity to rule [on the Rule 59(e) motion], and thus we have no order disposing of the Rule 59(e) motion to restart the clock." *Vanderwerf*, 603 F.3d at 847 (citing *Brae Transp. v. Coopers & Lybrand*, 790 F.2d 1439, 1442 (9th Cir. 1986), for the principle that "the clock began ticking for the filing of the notice of appeal when the 'order was issued disposing of the Rule 59 motion,' not when the Rule 59 order [sic] was withdrawn")).

De Leon's case is analogous to *Rodriguez* rather than *Vanderwerf*, and therefore we conclude that De Leon is entitled to tolling. As in *Rodriguez*, there is a district court order acknowledging the withdrawal—the order granting in part De Leon's "Motion for Entry of Order Terminating Action Based on Withdrawal of Motion." *See* ECF No. 110 ("granting [in part] the motion insofar as the Court deems the Plaintiff to withdraw [his] Motion to Vacate, which is thus deemed withdrawn and rendered moot"). Although, like the Vanderwerfs, De Leon "did

not wait" to file his notice of appeal until the district court could rule on the Rule 59 motion, *Vanderwerf*, 603 F.3d at 847, the district court's order acknowledging the withdrawal of De Leon's Rule 59 motion is sufficient for purposes of Rule 4(a)(4)(A). *See Rodriguez*, 892 F.2d at 236; 20 James Wm. Moore et al., *Moore's Federal Practice* § 304.13[1] (3d ed. 2011) ("A timely post-decisional motion does not defer the start of the appeal period if the motion is withdrawn without an order of the district court either disposing of the motion or *acknowledging withdrawal of the motion*." (emphasis added)). There was no analogous order in *Vanderwerf*, but De Leon's filings are akin to the very type of action we considered a "best option" in *Vanderwerf*, namely, to move "to withdraw the motion [for Rule 59 relief] . . . thereby triggering the 30-day period for the filing of a timely appeal." *Vanderwerf*, 603 F.3d at 848.

The sequence of events in the district court also implicates another of Rule 4(a)(4)'s tolling provisions, Rule 4(a)(4)(B)(i), which provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

De Leon's notice of appeal was premature because he filed it after the district court entered judgment but before the court disposed of the Rule 59 motion. However, under Rule 4(a)(4)(B)(i), the notice of appeal ripened upon the district court's order acknowledging the withdrawal of the Rule 59 motion. This case is

-12-

distinguishable from *Copar Pumice Co. v. Morris*, 639 F.3d 1025 (10th Cir. 2011). In *Copar Pumice*, appellants filed a notice of appeal after they filed a Rule 50(b) motion, which also tolls the time for filing a notice of appeal under Rule 4(a)(4)(A)(i), and before the district court ruled on the Rule 50(b) motion. Citing *Vanderwerf*, the panel stated that "a withdrawn [Rule 50(b)] motion is treated as though the motion had never been made for purposes of Rule 4," and therefore "appellants' withdrawal of their Rule 50(b) motion renders Rule 4(a)(4)(B) [(the ripening provision)] inapplicable." *Id.* at 1030 (citation omitted) (internal quotation marks omitted). But because the appellants had also filed a notice of appeal within thirty days of the judgment, the appeal was timely under Rule 4(a)(1). *Id.*

Significantly, it does not appear the district court in *Copar Pumice* entered any order acknowledging the withdrawal, as is the case here. Thus, given our view that the district court's acknowledgment of De Leon's withdrawal was a sufficient disposition of the Rule 59 motion for purposes of Rule 4(a)(4)(A)(iv), the withdrawn Rule 59 motion is not treated as though it had never been made, and the ripening provisions of Rule 4(a)(4)(B) apply.

**B. The Stipulation of Dismissal**

Having established our appellate jurisdiction, the next question is whether the district court erred in interpreting the stipulation of dismissal. De Leon argues that the stipulation was self-executing as a stipulation under Fed. R. Civ.

-13-

P. 41(a)(1)(A)(i) or (ii).  In the alternative, he argues that if a court order was required under Fed. R. Civ. P. 41(a)(2), the district court abused its discretion in failing to approve the stipulation.

### 1. Standard of review

De Leon's arguments call for evaluation of the district court's interpretation of the stipulation.  We have found no Tenth Circuit law directly on point regarding what standard of review applies in this circumstance.  But guidance can be drawn from *United States v. Garcia-Zambrano*, 530 F.3d 1249 (10th Cir. 2008).  In that case, lacking any precedent directly addressing the standard of review applicable to a district court's interpretation of an affidavit, we applied the standards of review applicable to a district court's interpretation of a written contract, noting that this court is "in as good a position as the trial court to interpret a written document." *Id.* at 1256 (internal quotation marks omitted).  We explained that our level of review is based on whether the district court uses extrinsic evidence.  *Id.*  "[W]hen the trial court resorts to extrinsic testimony to ascertain the meaning of the contractual terms, the interpretation is factual," and therefore "we will reject the court's interpretation only if clearly erroneous." *Id.* But if the court bases its interpretation "solely on the court's reading of the written words in the affidavit," the interpretation is a matter of law, and de novo review applies. *See id.*

-14-

The district court appears to have based its interpretation of the stipulation solely on its reading of the written words of the stipulation. Again, the court stated in its text-only order that

> having reviewed [the] stipulation, the Court notes that it is conditional in nature, anticipating that the parties would file a motion to dismiss within 10 days of August 13, 2010. No such motion was filed, and thus, the Court assumes that the parties have rescinded the settlement agreement as set forth in the Stipulation.

ECF No. 90. Therefore, under *Garcia-Zambrano*, we review the district court's interpretation of the stipulation de novo.

## 2. Dismissal under Fed. R. Civ. P. 41(a)(1)

Under Rule 41(a)(1)(A)(i), a plaintiff can voluntarily dismiss a case "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Under Rule 41(a)(1)(A)(ii), a plaintiff can voluntarily dismiss a case "by filing . . . a stipulation of dismissal signed by all parties who have appeared." A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (internal quotation marks omitted); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating that a Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the court, and does not call for the exercise

-15-

of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end.") (footnote omitted) (citations omitted).[7]

Here, Denman was the only defendant to appear, and it filed a motion to dismiss, not an answer or a motion for summary judgment. Thus, De Leon could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i). But this portion of Rule 41 contemplates a notice of dismissal filed by the plaintiff alone. Here, both parties signed a document styled as a stipulation of dismissal. Thus, we do not construe the stipulation as a Rule 41(a)(1)(A)(i) notice of dismissal. Consequently, we see no error in the district court's failure to treat it as such.

As to Rule 41(a)(1)(A)(ii), both De Leon and Denman signed the stipulation, as required by that portion of Rule 41(a)(1)(A). Unfortunately, two ambiguities are raised by the stipulation of dismissal. First, it invokes Rule 41(a)(2), but that rule contemplates a motion to dismiss filed by the plaintiff in situations other than those set out in Rule 41(a)(1), not a jointly signed stipulation. Under Rule 41(a)(2), the parties must obtain a court order:

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with *the plaintiff's*

---

[7] *Janssen* and *Smith* both cite to Rule 41(a)(1)(i) or (ii) rather than 41(a)(1)(A)(i) or (ii) because they predate the restyling of the Civil Rules in 2007 that resulted in the creation of subparagraph (A). *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1212 n.2 (10th Cir. 2010). Because the change was not substantive, we have referred to the current format of Rule 41(a)(1).

> *motion to dismiss*, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2) (emphasis added).  As discussed above, the procedural posture of the case was such that the parties could have invoked the exception to Rule 41(a)(2), i.e., Rule 41(a)(1), and the stipulation was not styled as plaintiff's motion.  The second ambiguity is that the stipulation provides a space for the district judge's signature but does not expressly ask the district court to approve the dismissal; in other words, it is not a motion to dismiss as contemplated by Rule 41(a)(2).

Despite these ambiguities, it appears that neither of them affected the district court's interpretation of the stipulation.  Instead, the court read the stipulation as conditioned on the filing of a motion to dismiss and assumed that the parties had rescinded the Agreement.  Again, the first relevant "whereas" clause of the Agreement provides:  "WHEREAS the Agreement requires Plaintiff, within 10 business days of August 13, 2010, to move this Court for an Order dismissing without prejudice the above-captioned action as to Defendant Denman and providing that the dismissal shall become with prejudice on the 'Effective Date (as defined in the Agreement).'"  ECF No. 88 at 1.  Because this information is contained in a "whereas" clause, we view the stipulation itself as the "motion" referred to in that clause.  The district court's conclusion that a separate motion

-17-

was required was therefore incorrect. Read as a whole, the stipulation must mean the parties intended to stipulate to a Rule 41(a)(1)(A)(ii) dismissal even though they cited, apparently in error, to Rule 41(a)(2).

Further, there is no reason to assume the parties rescinded the Agreement. The second relevant "whereas" clause stated that De Leon "*may* withdraw the dismissal" if "the Settlement is rescinded." ECF No. 88 at 1 (emphasis added). Thus, even if the parties rescinded the Agreement, De Leon was not required to withdraw the dismissal. Since it is clear that the Agreement was not rescinded and that no further motion was necessary, the district court should have treated the stipulation as a self-executing dismissal under Rule 41(a)(1)(A)(ii). Accordingly, the district court's order granting Denman's motion to dismiss on the merits is void because it was issued after the stipulation was filed and therefore in the absence of jurisdiction. *See Smith*, 881 F.2d at 904 (explaining that "[o]nce the stipulation is filed, the action on the merits is at an end").

### III. Conclusion

For the foregoing reasons, the judgment of the district court is VACATED, and this matter is REMANDED to the district court with instructions to enter an order stating that, by stipulation of the parties, the action is dismissed with prejudice.

-18-